HUIZENGA *v.* YELLOW TRANSIT FREIGHT LINES, INC.

1. Pleading — Amendment — Statute of Limitations — Same Transaction.

The amendment of a pleading is not barred by the statute of limitations whenever the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, even though new facts, a new theory, or even a different cause of action be introduced (CLS 1961, § 600.5805; GCR 1963, 118.4).

2. Same—Amendment—Discretion of Court.

Whether an amendment of a pleading should be allowed is within the discretion of the trial judge, but it is provided by court rule that leave to amend shall be freely given when justice so requires (GCR 1963, 118).

3. Same—Amendment—Statutes.

It is provided by statute that a trial court has power to amend before judgment a pleading either in form or substance for the furtherance of justice (CLS 1961, § 600.2301).

4. Automobiles — Negligence — Pleading — Amendment — Statute of Limitations.

Amendment of complaint which averred the defendant's vehicle "was negligently driven into the plaintiff" and that "defendant was negligent in hiring its driver" who "was habitually negligent and was driving without a license, said license having been revoked" was not barred by the statute of limitations, where the claim sought to be asserted in the amendment arose out of the occurrence set forth, or attempted to be set forth,

---

References for Points in Headnotes

[1, 4, 5]  34 Am Jur, Limitation of Actions §§ 260–262, 266.
[2]  41 Am Jur, Pleading § 293.
[3]  41 Am Jur, Pleading §§ 293, 294, 296.
[6]  20 Am Jur 2d, Costs §§ 10, 14, 20.

in the original complaint (CLS 1961, § 600.2301; GCR 1963, 118).

5. PLEADING—AMENDMENT—AUTOMOBILES—STATUTE OF LIMITATIONS.
   Denial of motion for leave to amend and grant of motion for summary judgment in action arising out of a motor vehicle accident in Ohio is reversed for reconsideration of such motions in the light of a recent interpretation by Supreme Court of pertinent court rule provisions in the application of test for granting amendments when the statute of limitations is involved (CLS 1961, § 600.5805; GCR 1963, 117, 118).

6. COSTS—REMAND FOR RECONSIDERATION.
   Costs are ordered to abide determination of trial court on remand for reconsideration of denial of plaintiff's motion to amend complaint and grant of defendant's motion for summary judgment in the light of recent interpretation by the Supreme Court of pertinent court rule (CLS 1961, § 600.5805; GCR 1963, 117, 118).

Appeal from Kent; Hoffius (Stuart), J. Submitted Division 3 October 6, 1965, at Grand Rapids. (Docket No. 315.)   Decided December 20, 1965.

Complaint by Albert Huizenga, with Michigan Mutual Liability Company, subrogee, later joining, against Yellow Transit Freight Lines, Inc., for personal injuries and property damage resulting from collision of motor vehicles. Summary judgment for defendant. Plaintiffs appeal. Remanded for reconsideration of plaintiffs' motion to amend complaint and defendant's motion for summary judgment.

*Martin S. Packard,* for plaintiff Huizenga.

*Allaben & Massie (Sam F. Massie, Jr.,* of counsel), for plaintiff Michigan Mutual Liability Company.

*Luyendyk, Hainer, Hillman, Karr & Dutcher (Robert N. Hammond,* of counsel), for defendant.

Holbrook, J. This is a negligence case involving a motor vehicle accident occurring March 2, 1961, in the city of Maumee, Ohio. Summons issued December 19, 1962, and plaintiffs filed a complaint February 11, 1963. On February 20, 1963, the defendant filed an answer. June 5, 1963, a pretrial conference was held with both parties expressing satisfaction with the pleadings, arranging for discovery and depositions, and stipulating ability to agree upon the pertinent Ohio laws and city of Maumee ordinances. On June 9, 1964, plaintiffs praeciped for trial, which was set for October 14, 1964. Depositions were filed August 31, 1964, of plaintiff and defendant drivers and defendant's safety director. On October 3, 1964, plaintiffs' attorney sent a letter to appellee's attorney setting out as stipulated at the pretrial the pertinent provisions of the Ohio laws and the city of Maumee ordinances, which had been delivered to defendant. On October 13, 1964, the day before jury trial, defendant filed a motion for summary judgment of no cause for action and dismissing the action in favor of the defendant upon the ground that plaintiffs had failed to state a claim upon which relief could be granted.[1] The following day the trial court heard the motion for summary judgment, at which time the plaintiffs moved to amend their complaint if the trial court found it was not specific enough to give the defendant reasonable notice of plaintiffs' claim. The pertinent portions of plaintiffs' complaint appear in the footnote.[2]

---

[1] GCR 1963, 111.1 and 117.

[2] "(1) That on the 2d day of March, 1961, at the intersection of Ford road and US–25 in the city of Maumee, Ohio, the semitrailer vehicle owned by defendant and/or leased by the defendant and/or under the care, custody and control of the defendant, was negligently driven into the plaintiff, while said vehicle was being operated with defendant's express and/or implied consent or knowledge, by Richard Marra.

"(2) That defendant was negligent in hiring its driver, Richard Marra, and further defendant knew or should have known, that its

The learned trial judge after careful consideration rendered an opinion stating in part as follows:

"A careful analysis of the pleadings indicates that the only portion of the pleadings which would indicate a cause of action are the words in paragraph 1, 'was negligently driven into the plaintiff.'

"It should, however, be noted that GCR 1963, 111.1 reads as follows: 'Statement of Claim. A pleading which sets forth a claim for relief, whether a complaint, counterclaim, cross-claim, or third-party claim, shall contain (1) a statement of the facts without repetition upon which the pleader relies in stating his cause of action with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend.' * * *

"I am of the opinion that this pleading which merely says 'negligently driven into the plaintiff' is not adequate.

"I have read the older case of *Schindler* v. *Milwaukee, L. S. & W. R. Co.*, 77 Mich 136 wherein it is stated at page 154, 'But a naked charge that a person negligently hurt another, with nothing more, cannot be sufficient.'

"I am also cognizant of the case of *Kuchcinski* v. *Curtis* in 251 Mich 210. * * *

"If the plaintiff has not stated a good cause of action in the beginning we may have a further problem in that how can he amend a no-cause-of-action case to a cause-of-action case? This matter was discussed in *Talbot* v. *Stoller*, 366 Mich 296 wherein the Supreme Court affirmed the denial of plaintiff's motion to amend the declaration."

---

driver was habitually negligent and was driving without a license, said license having been revoked by the State of Michigan.

"(3) That as a result thereof, the cab of plaintiff's vehicle was sheared off and plaintiff was pinned in it, causing multiple fractures to his spinal column, injuries to his knee, concussion, and multiple lacerations, contusions and abrasions to his person, whereby he has suffered great pain of body and mind."

There can be no question but that the action of the learned trial judge in granting the summary judgment and denying the motion to amend was correct and proper under the court rules and judicature act operative at the time of this accident in 1961, as construed in *Talbot* v. *Stoller, supra,* and relied on by the trial judge in his opinion. The statute of limitations had run against the action March 2, 1964,[3] and therefore, an amendment which stated a new cause of action would be barred.[4]

The plaintiffs-appellants assert that the statute of limitations is not a bar to an amendment to their complaint under the circumstances in this case because of GCR 1963, 118.1 and 118.4, which are as follows:

".1 Amendments. A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. *Leave shall be freely given when justice so requires.* All amendments shall be filed in writing, dated, and numbered consecutively. Unless otherwise indicated therein, an amended pleading shall supersede the former pleading."

".4 Relation Back of Amendments. Except for the purpose of demanding a trial by jury under sub-rule 508.2, the amendment relates back to the

---

[3] CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605). Currently, see CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).— REPORTER.

[4] *Gorman* v. *Newaygo Circuit Judge,* 27 Mich 138, 140; *Michigan Central R. Co.* v. *Kalamazoo Circuit Judge,* 35 Mich 227; *Nugent* v. *Kent Circuit Judge,* 93 Mich 462, 463; *Wingert* v. *Wayne Circuit Judge,* 101 Mich 395, 397; *Bockoff* v. *Curtis,* 241 Mich 553, 558; *O'Rourke* v. *Deffenbaugh,* 280 Mich 407, 414, 415.

date of the original pleading *whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."* (Emphasis supplied.)

At the time of the ruling by the trial court on the motion for summary judgment and motion for leave to amend, our Supreme Court had not spoken concerning the effect of GCR 1963, 118.1, 118.4, in relation to the statute of limitations. October, 1965, in the case of *LaBar* v. *Cooper,* 376 Mich 401, this question was raised and determined. Mr. Justice ADAMS on pp 404–409 stated as follows:

"Two weeks before the January, 1964, term was to begin, and some six months after Dr. Cooper was deposed, plaintiffs' attorneys moved to amend the declarations, primarily to charge Dr. Cooper with general acts of negligence in sending Mrs. LaBar to the hospital when he knew the standard of care employed by the nurses was faulty and that shots were administered by them in a dangerous place. The trial judge denied the motions and this Court granted leave to appeal.

"The trial judge stated:

" 'Prior to filing the motions the statute of limitations, both as to malpractice and ordinary negligence, had run. Prior to the effective date of GCR 1963, the motion would have been denied, because of the running of the statute.[5] * * *

"GCR 1963, 118 is an adoption of Federal Rule 15. The purpose of its adoption is stated by Honigman & Hawkins at 1 Michigan Court Rules Annotated, page 416:

" 'The relationship between the original pleading and a proposed amendment becomes important when the date of filing the amendment raises a question of limitations. The doctrine of "relation back"

---

[5] CLS 1961, § 600.5805, subd (3) (Stat Ann 1962 Rev § 27A.5805, subd [3]).

was devised by the courts to associate the amended matter with the date of the original pleading, so that it would not be barred by the statute of limitations. But some restrictions had to be placed upon the doctrine, or claims clearly barred could be resurrected by pleading them in an amendment to an unrelated claim which was not barred. Previous Michigan cases had set this restriction in terms of whether the amended matter involved a new cause of action.

" 'Subrule 118.4 is intended to introduce a more liberal and workable test, borrowed from the Federal rules. See committee comment (5), *supra*. The test is no longer conceptual, but rather functional. The amendment relates back to the date of the original pleading and, therefore, is not barred by limitations, whenever the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *It is thus beside the point that the amendment introduces new facts, a new theory, or even a different cause of action, so long as it springs from the same transactional setting as that pleaded originally.* The new test satisfies the basic policy of the statute of limitations, because the transactional base of the claim must still be pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction.' (Emphasis supplied in quoted opinion.) * * *

"From the effective date of the new court rules,[6] the old rule cited in the cases immediately above was meant no longer to be followed. * * *

"If the amendments were not barred by the running of the statute of limitations, there remains the question of exercise of discretion by the trial judge. Defendants also opposed the motions on the ground that the cases had been pretried, placed on the calen-

---

[6] See GCR 1963, 14.

dar, and adjourned over one term at the request of the plaintiffs. * * *

*"It should always be borne in mind that GCR 1963, 118 provides that leave to amend shall be freely given when justice so requires,* and that RJA, § 2301 (CLS 1961, § 600.2301 [Stat Ann 1962 Rev § 27A-.2301]) *provides for amendment either in form or substance for the furtherance of justice. * * **

"The cases are remanded to the trial judge for further disposition in the light of this opinion. In the event the motions are denied, such exercise of discretion should be supported by specific findings as to reasons for the same." (Emphasis supplied.)

By reason of the ruling in the *LaBar* v. *Cooper Case,* the amendment by plaintiffs in our case is not prevented by the statute of limitations because the claim to be asserted in the amendment arose out of the occurrence set forth or attempted to be set forth in the original complaint.

In the case at hand, we find that the defendant filed an answer to the complaint, participated in a pretrial conference as well as taking of depositions and discovery, and stipulated that the statutes of the State of Ohio and the ordinances of the city of Maumee could be introduced unless defendant gave notice requiring the same to be proved. At no time up to the day before trial date did the defendant raise the issue that the pleadings of plaintiff were fatally defective. Our Supreme Court has spoken under similar circumstances, in the case of *Manley, Bennett & Co.* v. *Woodhams* (1957), 349 Mich 586, wherein a motion for dismissal of plaintiffs' declaration made after plaintiffs' opening statement and after denial of plaintiffs' motion to amend declaration, was granted. Mr. Justice TALBOT SMITH stated on pp 593, 594 as follows:

"We are constrained, also, to observe that this matter was pending for many months, that discovery

depositions had been taken and filed, that pretrial conference had been held, and that nowhere during these lengthy proceedings, so far as this record discloses, had defendants even intimated that the declaration did not contain such information as to 'reasonably inform the defendant of the nature of the cause he is called upon to defend.' It was not until the jury had been empaneled and opening statement made that the alleged fatal deficiency was made the subject of motion to dismiss. We take this occasion to point out to the profession that it was the kind of debacle here experienced, resulting in delay of justice and unnecessary expense to all concerned, that the pretrial conference was, in part, intended to eliminate. If one of the parties to litigation is of the opinion that the pleadings are fatally defective it is his duty at this time (entirely independent of the doctrine of waiver by pleading over or going to trial without specifically raising the point) to raise the issue so that the matter may then and there be explored. We have passed the day when the art of pleading was a game of setting traps for the unwary and we do not intend to return to it.

"In the view we have taken of the case it is not necessary to pass upon the court's refusal to permit amendment, save to agree, with Honigman (Michigan Court Rules Annotated, p 243) that 'there has been a constant trend for increasing liberality in the matter of granting amendments.' "

It is true defendant may delay the bringing of a motion for summary judgment until the day of trial under GCR 1963, 117; however, under the same rules, 118, the trial judge may allow an amendment to cure a defect in the complaint and to the extent of pleading a new cause of action when justice requires and where defendant is not harmed *except by a delay in the trial to which he has materially contributed.*

The motion for summary judgment in favor of the defendant was granted, and leave to amend

denied to plaintiffs *on authority of the then known
applicable law.* However, we now have the inter-
pretation of GCR 1963, 118.1, 118.4, pertaining to
granting of amendments and relation back of same
as construed by *LaBar* v. *Cooper, supra.* Under
these circumstances, fairness requires that we re-
mand in order that the trial judge may reconsider
the plaintiffs' motion to amend and the defendant's
motion for summary judgment in the light of the
*LaBar Case* and this opinion.

Remanded as indicated above. Costs will abide
determination in the trial court.

BURNS, P. J., and T. G. KAVANAGH, J., concurred.