## DOAN v. CHESAPEAKE & OHIO RAILWAY CO.

1. PLEADING—AMENDMENT—COURT RULE.

A party may amend his pleading only by leave of the court or by written consent of the adverse party once 15 days has passed after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required, the pleading is served; however, leave shall be freely given when justice so requires (GCR 1963, 118.1).

2. PLEADING—AMENDMENT—EFFECTIVE DATE OF AMENDMENT—COURT RULE.

Amendments to pleadings relate back to the date of the original pleading whenever the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, with the exception of amendments made for the purpose of demanding a trial by jury (GCR 1963, 118.4).

3. PLEADING—AMENDMENT—NEW PARTY—NEW CAUSE OF ACTION—COURT RULE.

A motion by a party bringing an action in his own behalf to amend his pleadings so as to bring the action as administrator of the estate of a deceased person may be granted even though a new party is brought into the case and a new cause of action is stated as long as the amendment arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended (GCR 1963, 118.4).

4. PLEADING — AMENDMENT — NEW PARTY — EFFECTIVE DATE OF AMENDMENT.

Amendment of pleadings to change the identity of the party-plaintiff may be allowed where the plaintiff originally brought

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 288 *et seq.*
[2, 4] 41 Am Jur, Pleading § 315.
[3, 4] 39 Am Jur, Parties § 83.

action in the wrong capacity, and the new plaintiff may be allowed to take advantage of the former action, if the original plaintiff had, in any capacity, either before or after the commencement of the action, an interest in the subject matter of the controversy.

Appeal from Sanilac, Arthur M. Bach, J. Submitted Division 2 April 16, 1969, at Lansing. (Docket Nos. 6,085, 6,086.) Decided June 26, 1969.

Complaint by Jane Doan against the Chesapeake & Ohio Railway Co. for the wrongful death of plaintiff's husband as a result of his automobile being struck by defendant's train. Plaintiff's motion to amend complaint and designate herself as administratrix of her husband's estate denied. Defendant's motion for accelerated judgment granted. Plaintiff then brings action as administratrix of her husband's estate. Defendant's motion for summary judgment granted. Plaintiff appeals. Reversed and remanded.

*Raymond H. Benedict,* for plaintiff.

*Robert A. Straub,* for defendant.

Before: McGregor, P. J., and R. B. Burns and Danhof, JJ.

Danhof, J. On March 11, 1965, David Cass, husband of Jane Cass, was killed as a result of a collision with one of defendant's trains.

On January 3, 1968, Jane Doan, formerly Jane Cass, started a suit individually against defendant for damages. This became No. 6085 on appeal.

On March 25, 1968, an amended complaint was filed.

On April 10, 1968, Jane Cass Doan was appointed administratrix of the estate of David Cass, deceased.

On April 15, 1968, an amended complaint was filed by Jane Cass Doan, administratrix of the estate of David Cass, deceased.

On April 29, 1968, defendant filed a motion for accelerated judgment on the grounds that no action had been commenced against defendant by the administratrix and that any action by the administratrix was barred by the statute of limitations.

On April 30, 1968, a motion was filed to substitute Jane Cass Doan, administratrix of the estate of David Cass, deceased, as plaintiff in place of Jane Doan, formerly Jane Cass.

On May 17, 1968, a motion was filed by plaintiff for leave to amend amended complaint and designate herself and sue as administratrix for the estate of David Cass, deceased.

On June 24, 1968, the trial court by written opinion decided that Jane Cass Doan, as administratrix of the estate of David Cass, deceased, could not be added, substituted, or have the original complaint amended, so as to make her the real party in interest. He relied on *Simonelli* v. *Cassidy* (1955), 343 Mich 657, where it was held that a motion to amend so that plaintiff would appear as administrator of the estate of his deceased wife instead of in his individual capacity, made after the statute of limitations had run, introduced a new and different cause of action and was properly denied.

On June 11, 1968, in a companion case (No. 6086 on appeal), plaintiff filed a complaint as administratrix of the estate of David Cass, deceased.

On August 5, 1968, the trial court dismissed the case with prejudice, in conformity with its opinion of June 24, 1968.

The plaintiff appealed the decisions in both cases. She contends that the general rule in the United States is that an amendment made after the statute of limitations has run, changing the capacity in which a plaintiff sues, does not change the cause of action so as to let in the defense of limitation and that many cases of actions for wrongful death have so held, *Russell* v. *New Amsterdam Casualty Co.* (CA8, 1962), 303 F2d 674; 74 ALR 1270–1274; 8 ALR2d 76–90.

Plaintiff argues that the majority rule should now be adopted in Michigan under our new court rules, GCR 1963, 118.[1]  Subrule 118.1 provides:

"Amendments.  A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party.  *Leave shall be freely given when justice so requires.*  All amendments shall be filed in writing, dated, and numbered consecutively. Unless otherwise indicated therein, an amended pleading shall supersede the former pleading." (Emphasis supplied.)

Subrule 118.4 provides:

"Relation Back of Amendments.  Except for the purpose of demanding a trial by jury under subrule 508.2, the amendment relates back to the date of the original pleading whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

---

[1] GCR 1963, 118 is patterned after federal rule 15.

The committee note to subrule 118.4 states:

"Relation Back.  Subrule 118.4 contains a new provision which prevents relation back of an amendment for purposes of demanding a jury.  There is no justifiable reason why a party who fails to make a proper demand should be allowed to circumvent the time limitation for jury demand by means of amendment.

"The remainder of subrule 118.4 states the federal provision for relation back of amendments.  Presently there is much Michigan case authority to the effect that a party cannot set up a new cause of action barred by the statute of limitations at time of amendment.  This limitation on amendment lends itself to technical legalistic interpretations as to what is a cause of action, yet a court willing to grant permission to amend is apt to broaden the meaning of a cause in order to do it.  The federal provision places the matter on the basis of certainty and fairness.  A pleader under this rule will be allowed to amend if the amendment relates back to the conduct, transaction, or occurrence originally set forth.  Thus the adverse party is not prejudiced, since he has been given notice of the matter originally pleaded.  Once made a party to an action arising from a particular fact situation, he is aware that the original pleadings are subject to amendment, and he ought not be permitted to force his opponent into a legally different statement of the facts for the sole purpose of barring the claim.  And too, the statute of limitations is satisfied, since a new set of facts cannot be added by amendment if the statute has already run."

Considering now the *Simonelli Case, supra,* relied on by the trial judge, we observe that it was a medical malpractice case wherein there were extended delays not attributable to defendant, and, more significantly, it was decided prior to the adop-

tion of the present court rules. Therefore, we do not consider it to be controlling in the instant case.

We comment next on the two recent Michigan cases relied upon by plaintiff, *LaBar* v. *Cooper* (1965), 376 Mich 401, and *Huizenga* v. *Yellow Transit Freight Lines, Inc.* (1965), 2 Mich App 36. Defendant attempts to distinguish *LaBar,* also a medical malpractice case, by pointing out that even after amendment, which charged additional acts of negligence, the plaintiffs were the same, whereas in this case the plaintiff is trying to introduce a new plaintiff into the action whose claim is barred by the statute of limitations. The same may be said of *Huizenga,* a motor vehicle negligence case, which was remanded by this Court for reconsideration in light of the *LaBar Case.*

Although recognizing the truth of defendant's assertion that the plaintiff, individually, and plaintiff, as administratrix, are two separate legal entities, *Jordan* v. *C. A. Roberts Company* (1967), 379 Mich 235, (on rehearing, 1968), 381 Mich 91, this Court is not persuaded that that is determinative of this case.

Our Supreme Court in *LaBar* quoted as follows from 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), page 416:

"The relationship between the original pleading and a proposed amendment becomes important when the date of filing the amendment raises a question of limitations. The doctrine of 'relation back' was devised by the courts to associate the amended matter with the date of the original pleading, so that it would not be barred by the statute of limitations. But some restrictions had to be placed upon the doctrine, or claims clearly barred could be resurrected by pleading them in an amendment to an unrelated claim which was not barred. Previous Michigan cases had set this restriction in terms of

whether the amended matter involved a new cause
of action.

"Subrule 118.4 is intended to introduce a more
liberal and workable test, borrowed from the Fed-
eral rules. See committee comment (5), *supra.*
The test is no longer conceptual, but rather func-
tional. The amendment relates back to the date
of the original pleading and, therefore, is not barred
by limitations, whenever the claim or defense as-
serted in the amendment arose out of the conduct,
transaction, or occurrence set forth or attempted
to be set forth in the original pleading. *It is thus
beside the point that the amendment introduces new
facts, a new theory, or even a different cause of
action, so long as it springs from the same trans-
actional setting as that pleaded originally.* The
new test satisfies the basic policy of the statute of
limitations, because the transactional base of the
claim must still be pleaded before the statute runs,
thereby giving defendant notice within the statutory
period that he must be prepared to defend against
all claims for relief arising out of that transaction."
(Emphasis supplied.)

The *LaBar* court said,

"Federal courts uniformly hold that amendments,
which conform to FRCP 15, should be decided on
their merits, not on technicalities. (Citations
omitted.)

"Under prior decisions, before adoption of the
General Court Rules of 1963, we have generally
followed the rule that an amendment which states
a new cause of action is barred. (Citations omitted.)
However, in adopting new court rules it was our
intention to depart from some of the strictures of
the old rule and to permit an amendment which
arises 'out of the conduct, transaction, or occurrence
set forth or attempted to be set forth in the original
pleading.' GCR 1963, 118.4. *The test, therefore, is
no longer whether an amendment states a new cause*

*of action, but is whether it arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended.* From the effective date of the new court rules, the old rule cited in the cases immediately above was meant no longer to be followed. Accordingly, the new court rules govern in this case." (Emphasis supplied.)

Subsequent to the *LaBar* decision, the authors of Michigan Court Rules Annotated, *supra,* commented in the 1969 pocket parts, page 69:

"As an example of the operation of the former rule with respect to the 'relation back' of amended pleadings, see *Talbot* v. *Stoller* (1962), 366 Mich 296. Plaintiff was not allowed to amend her declaration for malpractice to include a claim that administration of a drug was unnecessary and done without proper tests. The amendment was held to introduce a new 'cause of action' which, therefore, would not relate back to the date of the original declaration and was consequently barred by the statute of limitations.

"Under subrule 118.4, this amendment would clearly relate back, since the amended claim 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' Since the defendant was already on notice that he must defend himself on his conduct in the pleaded transaction, the basic policy of the statute of limitations is satisfied, as pointed out in the text of the principal volume, without becoming involved in the difficulties of defining what constitutes a new cause of action."

Many of the cases cited in support of the general rule urged by plaintiff arrive at the conclusion that an amendment changing the capacity in which a plaintiff sues is not barred by the statute of limita-

tions because no new cause of action is stated.[2]  This
was the conclusion of the court in the case of *Russell
v. New Amsterdam Casualty Co., supra,* which after
reviewing the authorities, held that a wife who
instituted a wrongful death action in her individual
capacity could amend her complaint after expiration
of the statutory period of limitations, without stat-
ing new facts as ground of action, so as to set up
her right to sue in her representative capacity.

The test under subrule 118.4 as set forth in
*LaBar, supra,* makes it clear that whether or not a
new cause of action is stated in the amendment is
no longer the question, but rather it is whether
the amendment arises out of the conduct, transac-
tion, or occurrence alleged in the original pleading
sought to be amended.  Under that interpretation
of the new court rule, this Court reaches the same
result that many courts in other jurisdictions have
reached in the past when a plaintiff who sued indi-
vidually in a wrongful death action sought to amend
his pleadings after the running of the statute of
limitations so as to sue in his representative capac-
ity.  This Court does, however, approve the limita-
tion appearing in 63 Harvard Law Review 1177,
1239, cited in *Russell, supra*:

"However, * * * where the plaintiff sues in the
wrong capacity some courts have experienced con-
siderable difficulty in avoiding the objection that
the original action was void, and have thus dis-
allowed the change of the party plaintiff.  Never-
theless, the new plaintiff is today usually allowed
to take advantage of the former action if the orig-
inal plaintiff had, *in any capacity, either before or
after the commencement of suit, an interest in the
subject matter of the controversy.*"  (Emphasis
supplied.)

---

[2] See also Speiser, *Recovery for Wrongful Death,* Sections 11:41,
11:42.

The record in this case discloses that the plaintiff is the widow of the deceased. As such, she has an interest in the instant action, because a portion of any damages which might result if the defendant is liable would be payable to her under the provisions of the death act as the widow. MCLA § 600.2922 (Stat Ann 1962 Rev § 27A.2922[2]).

Neither party has discussed the question whether the trial court abused its discretion in denying plaintiff's second amendment. The trial judge stated in his opinion, and is supported by the record, that "No reason was presented to this court as to why this suit was not started by the administratrix in the first instance. During the three-year period it would have been relatively simple to have had Mrs. Doan appointed and this action started properly."

As said before, subrule 118.1 states: "Leave [to amend] shall be freely given when justice so requires." The authors of Michigan Court Rules Annotated, *supra,* commented in the 1969 pocket parts, page 70:

"Merely because subrule 118.4 allows an amendment to relate back to the time of the original pleading does not, of course, decide the question of allowing the amendment. The delay in pleading the amended matter may be inexcusable, or the amendment may complicate or delay the proceedings or prejudice the position of a party to an extent justifying a denial of permission to amend, or requiring a continuance to be granted as a condition of permitting the amendment. See *Scott* v. *Cleveland* (1960), 360 Mich 322."

This Court holds that subrule 118.1 imposes a limitation on the discretion of the trial court in denying leave to amend necessitating a finding that justice would not be served by the amendment,

*Burg* v. *B & B Enterprises, Inc.* (1966), 2 Mich App 496; see also *LaBar, supra; Dahlstrom* v. *City of Whitehall* (1968), 14 Mich App 349.

Reversed and remanded for proceedings consistent with this opinion.

All concurred.