William L. WIECZOREK, Administrator of the Estate of Gary William Wieczorek, deceased, and William L. Wieczorek, individually, Plaintiff-Appellant,

v.

VOLKSWAGENWERK, A.G., a foreign corporation, and Volkswagen of America, Inc., a New Jersey corporation, jointly and severally, Defendants-Appellees.

No. 82–1675.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 3, 1983.

Decided April 3, 1984.

Rehearing Denied May 10, 1984.

Gerald H. Sternberg, Zeff & Zeff, Nancy L. Bosh, argued, Gromek, Bendure & Thomas, Detroit, Mich., for plaintiff-appellant.

George E. Bushnell, Jr., argued, Noel A. Gage, Eugene H. Beach, Jr., Southfield, Mich., for defendants-appellees.

Before KENNEDY and MARTIN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

In this diversity wrongful death action grounded in Michigan law, we are faced with the question of whether the plaintiff's appointment as administrator after the statute of limitations expired relates back to the original filing of the complaint with-

in the statutory period, thus curing the plaintiff's lack of capacity to sue. We hold that under the controlling Michigan authority the appointment as administrator does relate back.

**I**

On May 25, 1975, a 1965 Volkswagen Beetle driven by Gary William Wieczorek went out of control, skidded, and rolled over. Wieczorek was killed. The probate estate of Gary Wieczorek was opened and closed on June 18, 1975. Lottie Wieczorek, Gary's mother, was administratrix. William L. Wieczorek, Gary's father, brought this action on April 26, 1978 in his own name and as administrator of Gary's estate, alleging that the Volkswagen was defective and negligently designed and manufactured. At that time William Wieczorek was not the administrator of Gary's estate; he did not become the administrator until September 21, 1979, when Gary's estate was reopened. The three-year Michigan statute of limitations for wrongful death actions, M.C.L.A. § 600.5805(7) (current version at M.C.L.A. §§ 600.5805(8) & 600.-5805(9)), began to run when the cause of action accrued on May 25, 1975 and thus expired on May 25, 1978.

Defendants moved for summary judgment on the ground that the statute of limitations had expired before the plaintiff became administrator. The Michigan statutes require that a wrongful death action be brought by the personal representative of the deceased. M.C.L.A. § 600.2922(2). The District Court denied the motion on October 2, 1980, finding that under *Castle v. Lockwood-MacDonald Hospital*, 40 Mich.App. 597, 199 N.W.2d 252 (1972), the plaintiff's appointment as administrator related back to the commencement of the action for purposes of the statute of limitations as long as the plaintiff acted in good faith. In May of 1982, however, the Michigan Court of Appeals decided *Fisher v.*

*Volkswagenwerk Aktiengesellschaft*, 115 Mich.App. 781, 321 N.W.2d 814 (1982), which limited the *Castle* relation back doctrine. Defendants' renewed motion for summary judgment based on the *Fisher* decision was granted on July 12, 1982. This appeal follows.

■ The Michigan Supreme Court has not considered the question of relation back of an appointment as administrator in a wrongful death action. In order to determine the Michigan law, we thus turn to the decisions of the Michigan intermediate courts, which are binding authority in federal courts in the absence of any Michigan Supreme Court precedent. *West v. American Telephone & Telegraph Co.*, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940); *Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109 (1940); *Woodruff v. Tomlin*, 616 F.2d 924 (6th Cir.), *cert. denied*, 449 U.S. 888, 101 S.Ct. 246, 66 L.Ed.2d 114 (1980). The law of Michigan is controlled by a decision of the Michigan Court of Appeals until the Michigan Supreme Court or another panel of the Michigan Court of Appeals rules otherwise. *In re Hague*, 412 Mich. 532, 552, 315 N.W.2d 524 (1982); *People v. McDaniels*, 70 Mich.App. 469, 473, 245 N.W.2d 793 (1976); *Hackett v. Ferndale City Clerk*, 1 Mich.App. 6, 11, 133 N.W.2d 221 (1965).

This case falls in the cracks left among three cases in which the Michigan Court of Appeals has considered whether to allow relation back of an appointment as administrator in situations similar, though not identical, to the present case. These three cases will be examined in turn.[1]

In *Doan v. Chesapeake & Ohio R. Co.*, 18 Mich.App. 271, 171 N.W.2d 27 (1969), a widow brought a wrongful death action in her own name. After the statute of limitations had run, the widow was appointed administratrix of the estate and amended her complaint so as to bring suit as administratrix. The Michigan Court of Appeals,

---

**1.** A fourth case, *Whiting v. Neuman*, 11 Mich. App. 201, 160 N.W.2d 795 (1968), also holds that the valid appointment of an administrator after the statute of limitations expired relates back to the date of death. The plaintiff had been invalidly appointed in the wrong county before bringing suit.

relying on court rules dealing with relation back of amendments to pleadings, held that the suit brought by the administratrix was not barred, since the widow individually had an interest in the subject matter of the controversy.

In *Castle v. Lockwood-MacDonald Hospital*, 40 Mich.App. 597, 199 N.W.2d 252 (1972), the deceased's widow was appointed special administratrix expressly for the purpose of bringing a wrongful death action, which was brought within the statutory period, but the probate court failed to enter an order authorizing her to bring suit until after the statute of limitations had expired. The Michigan Court of Appeals found that the relation back doctrine was motivated by "the desire of the courts not to have valid claims avoided by legal technicalities provided the administrator acted in good faith and had some reasonable grounds for believing he had been duly appointed." 40 Mich.App. at 603–04, 199 N.W.2d 252. The court then held that the widow's grant of authority to bring suit could relate back to her original appointment as administratrix because she had "in good faith and with reason, apparently mistakenly believed herself equipped with the necessary legal authorization to institute suit as special administratrix."

The Michigan decision based on facts most nearly identical to those of the present case is *Fisher v. Volkswagenwerk Aktiengesellschaft*, 115 Mich.App. 781, 321 N.W.2d 814 (1982).[2] The plaintiffs in *Fisher* had been administrators of an estate which was closed before the plaintiffs brought a wrongful death action. After the statute of limitations had run, the estate was reopened and plaintiffs were reappointed administrators. The Michigan Court of Appeals in *Fisher* held that relation back could not apply to the case before it.

The *Fisher* court first pointed out that the Michigan statute providing that wrongful death actions "shall" be brought by the personal representative was to be strictly

construed. The court then discussed the *Castle* opinion, quoting it at length and noting that the relation back doctrine applied in *Castle* because the plaintiff "had acted in good faith, mistakenly believing herself having the legal authorization to institute a lawsuit." *Fisher*, 115 Mich.App. at 784, 321 N.W.2d 814. However, the *Fisher* court found that: "The same is not true in the case before us. Clearly, these plaintiffs [in *Fisher*] knew that their tenure as coadministrators ended when the estates were closed in 1978," 115 Mich.App. at 786, 321 N.W.2d 814. The court then held that "where the plaintiffs misrepresented their capacity to sue under the wrongful death act at the time when the suit was filed, the subsequent reopening of the decedent's estate after the period of limitation had expired did not relate back to the filing of this lawsuit." *Id.* Finally, the *Fisher* court distinguished *Doan* on the ground that "the plaintiff in *Doan* made no misrepresentation to the circuit court because she sued in her own capacity." *Id.*

A careful analysis of these three cases is required to reveal an underlying theory consistent with all three decisions. The holding of *Fisher* is that relation back does not apply to plaintiffs who "misrepresented their capacity to sue under the wrongful death act" in facts otherwise indistinguishable from the present case. If the plaintiff here also misrepresented his capacity to sue, his suit is barred. However, it is not clear what the *Fisher* court meant by misrepresenting capacity to sue. That phrase is subject to several interpretations.

The *Fisher* court's reference to strict construction of the statute requiring a wrongful death action to be brought by the personal representative may indicate that it intended to prohibit relation back whenever the plaintiff did not in fact have capacity to sue for wrongful death before the statute of limitations expired. This construction is consistent with the *Castle* holding that the relation back doctrine may apply to a special administrator (who is a "personal rep-

**2.** A delayed application for leave to appeal in *Fisher* was denied by the Michigan Supreme Court while the present case was pending before this Court.

resentative," *see Bannasch v. Bartholomew*, 350 Mich. 546, 556, 87 N.W.2d 78 (1957); *Castle, supra*, 40 Mich.App. at 599, 199 N.W.2d 252) without actual authority to bring suit. However, such a rule, grounded in strict application of the wrongful death statute, is not consistent with the result in *Doan*. In *Doan*, the plaintiff was not in fact a personal representative at any time during the three-year statutory period, yet relation back was allowed. The *Fisher* court explicitly distinguished *Doan* on the basis that the plaintiff in *Doan* had made no misrepresentation. Applicability of the relation back doctrine must therefore depend on something other than the plaintiff's actual status during the statutory period.

The general definition of "misrepresentation" refers to any "untrue statement of fact." Black's Law Dictionary 903 (5th ed. 1979). In *Fisher* the plaintiffs made a false statement to the court, *i.e.*, that they were administrators; in *Doan* the plaintiff made no false statement. Unless the act of bringing suit by the plaintiff in *Castle* was an implied representation that she had authority to sue, the results in all three cases are consistent with the theory that relation back is available only to plaintiffs who make no representation to the court concerning capacity to sue which is in fact false. However, unless "misrepresentation" excludes statements made in good faith and with a reasonable belief that they are true, that theory is inconsistent with language in the *Castle* opinion which was quoted in *Fisher*. The *Castle* court clearly relied on the fact that the plaintiff had "in good faith and with reason, apparently mistakenly believed herself equipped with the necessary legal authorization to institute suit" to justify relation back. 40 Mich.App. at 606, 199 N.W.2d 252.

As pointed out in the dissent in *Fisher*, the trial court in *Fisher* had found that the plaintiff had not brought suit in bad faith. *Fisher*, 115 Mich.App. at 787, 321 N.W.2d 814 (Cynar, P.J., dissenting). Nothing in the majority opinion indicates any reliance on a bad faith standard. Since the relation back doctrine was held inapplicable in *Fisher*, something less than bad faith must prevent relation back.

In contrast, the *Fisher* opinion supports the proposition that relation back is allowed only when the plaintiff has a reasonable belief that he has capacity to bring suit under the wrongful death act. The *Fisher* court distinguished *Castle* primarily on the basis of this factor. After quoting from the *Castle* opinion, the *Fisher* court said: "The same is not true in the case before us. Clearly, these plaintiffs knew that their tenure as coadministrators ended when the estates were closed ...." The misrepresentation which prevented the relation back doctrine from applying was the misrepresentation that they were administrators when they knew they were not.

■ We therefore conclude that, under Michigan law, an appointment as administrator after the statute of limitations has expired relates back to the filing of a wrongful death suit if at the time the suit was filed the plaintiff reasonably believed he had authority to bring suit as administrator.

Applying this rule to the present case, it is apparent that summary judgment for defendants was improper. Affidavits submitted by the plaintiff contain sufficient facts to establish his reasonable belief that he was the validly appointed administrator of his son's estate. The plaintiff in his affidavit claims to have had such a belief. That the belief was reasonable is supported by affidavits from several of the plaintiff's attorneys. Apparently a misunderstanding concerning the plaintiff's appointment as administrator arose when the plaintiff changed counsel—the original counsel thought the substitute counsel would arrange the appointment, while the substitute counsel thought the original counsel had already done so.

**II**

Summary judgment would also have been improper were the relation back issue governed by federal law. *See Deupree v. Levinson*, 186 F.2d 297 (6th Cir.1950),

*aff'd,* 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (1953); Fed.R.Civ.Pro. 17(a) & Advisory Committee Notes. We therefore need not decide the difficult question of whether state or federal law applies.

Accordingly, the judgment of the District Court is reversed and remanded for proceedings consistent with this opinion.