ESTATE OF Shirley J. MILLS, Deceased; Howard T. Linden, Personal Representative, Plaintiffs–Appellants,

v.

TRIZEC PROPERTIES, Defendant–Appellee.

No. 91–1889.

United States Court of Appeals, Sixth Circuit.

Argued April 6, 1992.

Decided June 1, 1992.

Norman L. Zemke (argued and briefed), Elliott R. Perlman, Southfield, Mich., for plaintiffs-appellants.

Barry M. Kelman (argued and briefed), Gofrank & Kelman, Southfield, Mich., for defendant-appellee.

Before: MARTIN and RYAN, Circuit Judges; and WILHOIT, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

The Estate of Shirley Mills filed a wrongful death action against Trizec Properties, which the parties agreed to arbitrate. After the arbitration panel awarded the estate $100,000, Trizec refused to pay and moved for judgment in this proceeding, claiming there was no valid personal representative of the Estate and thus, the arbitration agreement was void. The district court granted Trizec's motion for summary judgment, and the Estate appealed. For the following reasons, we reverse.

In June 1985, Shirley Mills died from complications arising from an injury she suffered after stumbling on a hole in the sidewalk as she walked out of a building owned by Trizec Properties. In November 1985, the Oakland County Probate Court appointed Mill's daughter, Anna Dade, as the Temporary Personal Representative of Mill's Estate. One month later, the probate court vacated the appointment because of Dade's failure to post the required bond. In February 1986, the Estate, with Dade named as the personal representative, filed a wrongful death action against Trizec in Michigan state court. Trizec removed the case to federal district court based on diversity of citizenship. In preparing for the case, Trizec discovered that Dade's appointment as personal representative had lapsed and the Estate was without a valid personal representative.

After removal to the district court, the Estate rejected a federal mediator's award of $25,000 to which Trizec had agreed. At a pre-trial conference, the parties agreed to binding arbitration. The arbitration agreement required that any award be no less than $25,000 and no more than $100,000. Because of the arbitration, the parties also agreed to dismiss the district court action with prejudice.

In May 1988, the arbitration panel awarded the Estate $100,000. Trizec refused to pay the award to the Estate because of the lack of a valid personal representative. On June 20, 1989, Howard Linden was appointed the Estate's personal representative. On August 28, 1989, the Estate brought a lawsuit in probate court to enforce the arbitration award. On September 13, 1989, the Oakland County Probate Court ratified the arbitration award. The Estate then moved for summary judgment to enforce the award in federal court. Trizec filed a motion alleging that because of the lack of a valid personal representative, the Estate did not possess the capacity to bring the original suit or even enter into the arbitration agreement.

In granting summary judgment to Trizec, the district court quoted the Michigan Wrongful Death Statute: "[e]very action under this section shall be brought by and in the name of, the personal representative of the deceased person...." The district court agreed with Trizec that the initial wrongful death suit and all subsequent actions including the arbitration were invalid because Dade lacked the capacity to represent and bind the Estate. The district court based its reasoning on Michigan's strict construction of the personal representative requirement, citing *Maiuri v. Sinacola Construction Co.*, 382 Mich. 391, 170 N.W.2d 27 (1969). The district court rejected the Estate's argument that under Michigan's "relation-back" doctrine, the

---

* The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation.

subsequent valid, and now continuing appointment of Linden as the Estate's personal representative cured the initial lack of a personal representative. Under the relation-back doctrine, the initial error must have been made in good faith and the person filing suit must have a reasonable belief that she possessed the authority to bring the suit. The district court found that Dade must have known that she did not have the authority to file the suit, and, therefore, the Estate was precluded using the relation-back doctrine.

The district court also rejected the Estate's argument that the arbitration panel impliedly determined, in the Estate's favor, Dade's capacity to represent the Estate and that Trizec waived the capacity issue by participating in the arbitration.

On appeal, the Estate argues that (1) because Dade acted in good faith and believed that she had the authority to act for the Estate, Linden's subsequent appointment as personal representative "relates back" to Dade's appointment, thereby saving the original wrongful death action and arbitration, (2) when the parties submitted to arbitration, the arbitration panel had subject-matter jurisdiction to decide the lack of capacity issue, and (3) equity and contract law require that if this court finds the arbitration agreement is void or voidable, Trizec should not be allowed to retain the benefit of the arbitration agreement, which was the parties' agreement to dismiss the original action with prejudice.

■ In reviewing summary judgment, we look at record in the same fashion as the district court. *Qualicare–Walsh, Inc. v. Ward,* 947 F.2d 823, 825 (6th Cir.1991). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988). Concerning materiality, the Supreme Court has held that only disputes over facts that "might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment."

*Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In other words, only those facts that were material to the district court's decision are susceptible to our review. "[A] dispute about a material fact must be 'genuine' such that it concerns evidence upon which the jury could return a verdict for the nonmoving party." *Qualicare,* 947 F.2d at 826 (citing *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510).

■ It is abundantly clear that Michigan has adopted the relation-back doctrine concerning the appointment of representatives for Estates. In *Saltmarsh v. Burnard,* 151 Mich.App. 476, 391 N.W.2d 382 (1986), the Michigan Court of Appeals, citing a case from our court, stated

an appointment as administrator after the period of limitations has expired relates back to the filing of suit if, at the time the suit was filed, the plaintiff holds a good faith reasonable belief that he has authority to bring suit as administrator, provided that the defendant is not prejudiced by the application of the relation-back doctrine in such situations. *Id.* at 491, 391 N.W.2d 382 (citing *Wieczorek v. Volkswagenwerk A.G.,* 731 F.2d 309 (6th Cir.1984)).

For purposes of the relation-back doctrine, we found no distinction between an administrator and a personal representative. *Wieczorek,* 731 F.2d at 311–12.

In determining whether a personal representative reasonably believed that she had authority to act for the estate, Michigan courts have held that courts must examine *not* the attorney's knowledge or belief, but only the "personal representative's" reasonable belief. *Saltmarsh,* 151 Mich.App. at 492–93, 391 N.W.2d 382. Even where an attorney has intentionally or negligently misrepresented the personal representative's capacity, the trial court may not impute those actions to the personal representative. *Id.*

The district court, in granting Trizec's motion for summary judgment, stated

In this case the defendant argues that Ms. Dade neither made a good faith error in ascertaining her authority to act as personal representative nor held a rea-

sonable belief that authority existed to commence the wrongful death suit, and this Court agrees. It is simply here undisputed that Dade's temporary authority to act as personal representative lapsed by operation of law due to the failure to post a bond. Simple as that. It is also undisputed that *she and/or her attorney must have had notice of this by virtue of the Probate Court's December 6, 1985 order vacating her authority.* This error is similar ... to the one in the *Fisher* case, ... [which] could have been easily cured in Probate Court in the first instance. The error, therefore, cannot be said to have been a product of a good faith, mistaken belief. And, moreover, without any authority to act on behalf of the Estate and notice thereof, *it is inconceivable how Dade could have also held a reasonable belief that she had authority to represent the Estate at the time the wrongful death suit was filed.* (emphasis added).

In light of *Saltmarsh* and *Wieczorek*, we find that the district court improperly resolved material factual issues concerning the reasonableness of Dade's actions. The district court based its decision about Dade's belief, in part, on information that the Estate's attorney possessed, which is in contradiction to the requirements *Saltmarsh* and *Wieczorek*. The record contains ample evidence that Dade acted in good faith and reasonably believed that she had the authority to act for the Estate; in addition, the record indicates that Trizec would not be prejudiced by permitting the appointment of Linden to relate back to the filing of the original suit. However, these are factual questions suitable for resolution in the district court.

The court notes that, in the typical case implicating application of the relation-back doctrine, the person who initially brought suit on behalf of the estate without possessing the capacity to do so is the same person who ultimately came to possess the necessary capacity. This, obviously, is not true in the present case. Nevertheless, the court does not feel that this distinction makes a difference.

In large part, this case is before this court because of the Estate attorney's fail-

ure to follow a basic and fundamental procedural requirement: to have appointed and to maintain a valid personal representative for the Estate. Without a personal representative, the Estate is trapped in a procedural limbo, unable to litigate or arbitrate. Acknowledging that attorneys occasionally neglect their clients, Michigan allows those neglected clients the benefit of the relation-back doctrine to forestall the harsh affects of a procedural default. This allowance is especially poignant here. Unable to pursue justice itself, the Estate relies on the Estate's attorney to protect its rights. Despite the Estate attorney's failure, survival of the original cause of action and all subsequent and derivative matters are based on whether Dade acted in good faith, whether she reasonably believed she possessed the authority to pursue the cause of action in behalf of the Estate, and whether Trizec would be prejudiced by application of the relation-back doctrine in this case. These are genuine issues of material fact to be determined at trial and thus we reverse the decision of the district court and remand for proceedings consistent with our opinion.