WHITING *v.* NEUMAN.

DISSENTING OPINION.

SULLIVAN, J.

1. APPEAL AND ERROR—AGGRIEVED PARTY.

*A plaintiff who had an action pending in Eaton circuit court when an identical action in Ingham circuit court was dismissed was not aggrieved by the dismissal of the action in Ingham county.*

2. SAME—REMEDY PREVIOUSLY SOUGHT.

*Appellate review cannot be had where a remedy for the same errors was sought in lower court by a pending valid proceeding, but appellate review will not be precluded if the lower court proceeding is void, or is no longer pending.*

3. SAME—DEFINITION OF AGGRIEVED PARTY.

*A party is aggrieved by a judgment and entitled to appeal when it operates on his rights in property or bears directly upon his interest.*

REFERENCES FOR POINTS IN HEADNOTES
[1–4, 6, 7] 4 Am Jur 2d, Appeal and Error §§ 182, 183.
[5] 31 Am Jur 2d, Executors and Administrators § 162.
[8, 9] 5 Am Jur 2d, Appeal and Error §§ 861, 875.
[10] 5 Am Jur 2d, Appeal and Error § 1011.

4. SAME—WRONGFUL DEATH—DISMISSAL—INJURY.

> Summary judgment and accelerated judgment for defendant in action for wrongful death of plaintiff's daughter where plaintiff was appointed administratrix and started action in Ingham county and later learned that neither plaintiff's decedent nor defendant were residents of the county, and an identical action was started in Eaton county where both were residents, were proper since plaintiff still was in court with the identical action and only a mere possibility of injury resulted from the dismissal (PA 1961, No 236, § 310, as added by PA 1964, No 281, and amended by PA 1967 No 65; CLS 1961, § 600.2922, as amended by PA 1965, No 146).

OPINION OF THE COURT.

5. EXECUTORS AND ADMINISTRATORS—APPOINTMENT—APPEAL AND ERROR.

> Appointment in Eaton county of plaintiff as administratrix of her daughter's estate related back to date of daughter's death and when the appointment preceded defendant's motion to dismiss action in Ingham county on ground of invalid appointment in that county it was error to dismiss.

6. APPEAL AND ERROR—AGGRIEVED PARTY—RELIEF ON APPEAL.

> Only an aggrieved party may properly seek relief from an appellate court.

7. SAME—ACTION BROUGHT IN WRONG COUNTY—ADMINISTRATRIX— AGGRIEVED PARTY.

> Administratrix who brought action for wrongful death in Ingham county where neither plaintiff's decedent nor defendant resided was an aggrieved party by improper dismissal of that action even though she had the identical action pending in Eaton county (CLS 1961, § 600.2922, as amended by PA 1965, No 146).

8. SAME—REMEDY FOR SAME ERROR—COURT OF APPEALS—JURISDICTION TO CORRECT ERROR.

> Action for wrongful death, started in Eaton county before dismissal of action in Ingham county where neither plaintiff's decedent nor defendant resided, was an action seeking remedy for correction of an error, and it cannot deprive Court of Appeals of jurisdiction to review and correct that error (CLS 1961, § 600.2922, as amended by PA 1965, No 146).

9. SAME—MOTIONS—CHANGE OF VENUE.

> Motions for summary judgment and accelerated judgment in action for wrongful death started in Ingham county where neither plaintiff's decedent nor defendant resided should have been treated as motions for change of venue (CLS 1961, § 600.2922, as amended by PA 1965, No 146; GCR 1963, 404).

10. COSTS—WRONGFUL DEATH.

> No costs are allowed upon reversal of order dismissing action for wrongful death started in county where neither plaintiff's decedent nor defendant resided (CLS 1961, § 600.2922, as amended by PA 1965, No 146).

Appeal from Ingham, Coash (Louis E.), J. Submitted Division 2 May, 1967, at Lansing. (Docket No. 2,971.) Decided April 25, 1968.

Complaint by Virginia Whiting, administratrix of the estate of Dina Marie Whiting, against John R. Neuman, M. D., for the wrongful death of her daughter. Defendant's motions for summary judgment and accelerated judgment granted. Plaintiff appeals. Reversed and remanded.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster* for defendant.

SULLIVAN, J. (*dissenting*). Plaintiff, Virginia Whiting, was appointed administratrix of her deceased daughter's estate on March 7, 1966 by order of the Ingham county probate court. On the 24th of March action was filed under the wrongful death act[1] in Ingham county circuit court alleging malpractice on the part of the defendant. Subsequently, it was discovered that neither plaintiff's decedent nor the defendant were residents of Ingham county

---

[1] See CLS 1961, § 600.2922, as amended by PA 1965, No 146 (MCLA § 600.2922, Stat Ann 1968 Cum Supp § 27A.2922).

at the time of death but rather of Eaton county. Upon its own motion the Ingham county probate court revoked the letters of administration granted to the plaintiff. Thereafter plaintiff was appointed administratrix by the Eaton county probate court and she began an identical action in Eaton county circuit court involving the same set of facts, the same parties, and the same cause of action.

On November 10, 1966, several months after the proceedings above had taken place, the trial judge in Ingham county circuit court granted the defendant's motions for summary judgment[2] and accelerated judgment[3] on the grounds that "the court had no jurisdiction over the subject matter of this action inasmuch as there is not now and never has been a party plaintiff having capacity to maintain the within action before this court."[4] From this dismissal of her action in the Ingham county circuit court plaintiff takes this appeal.

Plaintiff in this appeal still has a viable action pending in the Eaton county circuit court. She has not been aggrieved by her dismissal. See 4 CJS, Appeal & Error § 27b(1) p 121: "Appellate review cannot be had where a remedy for the same errors has been sought in the lower court by a pending valid proceeding, but appellate review will not be precluded if the lower court proceeding is void, or is no longer pending."

The case of *In re Estate of Trankla* (1948), 321 Mich 478 sets out the case law defining an "aggrieved" party and has been substantially restated in 7A Callaghan's *Michigan Pleadings and Practice,* § 54.08; appellant must be aggrieved:

---

[2] See GCR 1963, 117.
[3] See GCR 1963, 116.
[4] Appendix A.

"To be entitled to appeal, in addition to being interested in the subject matter of the controversy, one must also be injuriously affected or aggrieved by the judgment or order. To be aggrieved, the determination must in some substantial manner prejudice him in his rights or adversely affect his legal interests, and a party unquestionably is aggrieved by a judgment or order if it operates on his rights in property or bears directly on his interest, but one is not aggrieved by a mere possibility of injury arising from some unknown and future contingency, and there is a strong presumption against possible future grievance where there is nothing to show any state of things which could give rise to any contingent claim which could be presented against appellant thereafter in connection with the order appealed from."

Had the Eaton county case been processed plaintiff might have had a decision on the merits in this case while this appeal was pending. In view of the fact that plaintiff is still "in court" in Eaton county with the identical lawsuit, there is only "a mere possibility of injury" resulting from the Ingham circuit court's action.

Therefore, it should be the order of this court that this appeal be dismissed without prejudice.[5] No costs.

## APPENDIX A

It would appear that the Ingham county circuit court was in error in dismissing plaintiff's action for lack of jurisdiction. Plaintiff was a validly ap-

---

[5] PA 1961, No 236, § 310, as added by PA 1964, No 281, and amended by PA 1967, No 65 (MCLA § 600.310, Stat Ann 1968 Cum Supp § 27A.310): "The court of appeals has original jurisdiction to issue prerogative and remedial writs or orders as provided by rules of the Supreme Court, and has authority to issue any writs, directives and mandates that it judges necessary and expedient to effectuate its determination of cases brought before it."

pointed administratrix by order of the Eaton county probate court before the Ingham county circuit court action was dismissed and thus had the capacity to pursue that action. Also, see CL 1948, § 704.53 (Stat Ann 1962 Rev § 27.3178 [304]): "All acts of a fiduciary, as such, before the revocation of his letters, shall be as valid to all intents and purposes as if such fiduciary had continued lawfully to execute the duties of his trust." The circuit court being Michigan's court of general jurisdiction, the Ingham circuit court clearly had the power to hear and decide this case.

"Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." CLS 1961, § 600.605 (Stat Ann 1962 Rev § 27A.605).

In addition, granting that the administratrix' appointment by the Ingham probate court was invalid for lack of residence, the subsequent valid appointment of the administratrix by the Eaton county probate court "related back" to the time of the decedent's death, *Gray* v. *Ferguson* (1891), 86 Mich 382, 385, and *Richards* v. *Pierce* (1880), 44 Mich 444, 447, and hence validated the administratrix' act in starting the Ingham circuit court action.

Generally, the action must be brought in the county where the cause arose or where the defendant is "established." See CLS 1961, § 600.1621 (Stat Ann 1962 Rev § 27A.1621). But venue is no longer jurisdictional. CLS 1961, § 600.1601 (Stat Ann 1962 Rev § 27A.1601). Therefore improper venue is no longer grounds for dismissal. "No order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue." CLS

1961, § 600.1645 (Stat Ann 1962 Rev § 27A.1645). The only remedy provided for improper venue is a motion for change of venue. See CLS 1961, § 600-.1651 (Stat Ann 1962 Rev § 27A.1651). Improper venue is not a jurisdictional defense (CLS 1961, § 600.1601 [Stat Ann 1962 Rev § 27A.1601]), and so is not grounds for a motion to dismiss under GCR 1963, 116. The motion could have been treated as a motion for change of venue, but CLS 1961, § 600-.1651 (Stat Ann 1962 Rev § 27A.1651) plainly states that: "An action brought in a county not designated as a proper county may nevertheless be tried therein, unless a defendant moves for a change of venue."

T. G. KAVANAGH, P. J. We agree with Judge SULLIVAN that when the Eaton county probate court appointed plaintiff administratrix of her daughter's estate, such appointment related back to the date of her daughter's death and for this reason as well as the fact that such appointment preceded defendant's motion to dismiss this action the Ingham county circuit court erred in dismissing it.

We also agree that only an aggrieved party may properly seek relief from an appellate court, but we believe plaintiff was aggrieved by the order of dismissal. The evil of having simultaneous actions for the same claim can be avoided under the provision of GCR 1963, 116.1(4) by granting defendant's motion to dismiss the action now pending in Eaton county.

Our disagreement with Judge SULLIVAN stems from our conviction that even if we assume (as we believe he does) that the present action in Eaton county (which was begun prior to the commission of the error here complained of) can properly be regarded as seeking a remedy for the "same error," it can in no way be said to deprive us of jurisdiction to review and correct that error.

Although the trial court here was not asked so to consider it, we believe defendant's motion should have been treated as a motion for change of venue and in view of the admitted residences of the parties granted under GCR 1963, 404.

Accordingly we reverse and remand for the entry of such order. No costs.

Levin, J., concurred with T. G. Kavanagh, P. J.