THOMAS INDUSTRIES, INC v WELLS

Docket No. 60943. Decided October 2, 1978. On application by plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals and remanded the cause to Macomb Circuit Court for further proceedings.

Thomas Industries, Inc., brought an action for enforcement of a security agreement and payment for goods against Dale Wells and American Lighting Company. The defendant answered with affirmative defenses which included an allegation that the plaintiff is a foreign corporation doing business in Michigan without a certificate of authority. The Macomb Circuit Court, Hunter D. Stair, J., granted the defendants' motion for accelerated judgment, made at the opening of trial, and dismissed the action with prejudice on the basis of the pleadings and depositions but without an evidentiary hearing. The Court of Appeals, D. C. Riley, P.J., and Bashara and Mahinske, JJ., affirmed (Docket No. 31012). Plaintiff applies for leave to appeal. *Held:*

1. The claim that a plaintiff is transacting business in Michigan without a certificate of authority is basically a defense of lack of capacity to sue which must be raised by a demand for accelerated judgment. Had both parties requested that the trial judge rule on the motion for accelerated judgment based on the depositions, there was sufficient evidence on which to render a decision. However, in the instant case the plaintiff requested an opportunity to present evidence of the nature of its contacts in Michigan. It should have been permitted to do so.

2. A dismissal with prejudice places foreign corporations that are in marginal positions with regard to the transaction of business in Michigan in an extremely difficult position. It means that if a foreign corporation unsuccessfully contests its obligation to qualify, it may not preserve its cause of action by thereafter obtaining a certificate of authority to transact business, even if its contest of the issue was in good faith. This result undermines the purpose of the Business Corporation Act. This does not mean that a dismissal for failure to obtain a certificate may never be with prejudice. It is not clear from the trial judge's statement in the instant case whether his decision

to make the dismissal with prejudice was in the exercise of his discretion or was made in the belief that all such dismissals must be with prejudice. On remand, should the trial judge again find that the plaintiff was required to obtain a certificate to do business, he should then state reasons for the characterization of the dismissal.

The decision of the Court of Appeals is reversed and the cause is remanded to Macomb Circuit Court for further proceedings.

79 Mich App 463; 262 NW2d 853 (1977) reversed.

*Vestevich, Dritsas, McManus, Evans, Payne & Devine, P.C.,* for plaintiff.

*William M. Donovan & Associates, P.C.,* for defendants.

PER CURIAM. The plaintiff's application for leave to appeal places two matters at issue: (1) the procedures for deciding a claim that a plaintiff may not maintain an action because it is a foreign corporation transacting business in the state without a certificate of authority; and (2) the consequences of a finding that plaintiff has been transacting business within the state without having obtained a certificate of authority. We conclude that the circuit judge erred in dismissing the action with prejudice and without an evidentiary hearing.

I

The plaintiff commenced this action on June 18, 1975 seeking payment for goods sold. On July 3, 1975 the defendants filed an answer and affirmative defenses. One of the affirmative defenses was "that plaintiff corporation is not registered to do business within the State of Michigan". The pretrial statement signed by the circuit judge on September 23, 1975 listed nonregistration as one of

the defenses. The question of whether the plaintiff was transacting business within Michigan without a certificate of authority is made critical by MCL 450.2051; MSA 21.200(1051):

"(1) A foreign corporation transacting business in this state without a certificate of authority shall not maintain an action or proceeding in any court of this state, until the corporation has obtained a certificate of authority. An action commenced by a foreign corporation having no certificate of authority shall not be dismissed if a certificate of authority has been obtained before the order of dismissal.

\* \* \*

"(2) Failure of a foreign corporation to obtain a certificate of authority to transact business in this state does not impair the validity of a contract or act of the corporation, and does not prevent the corporation from defending an action or proceeding in a court of this state."

On the day of trial, following the plaintiff's opening statement, the defendants' attorney presented a written motion for accelerated judgment and requested that the plaintiff's case be dismissed because of the plaintiff's failure to procure a certificate of authority. The defendants relied on the depositions of three of the plaintiff's employees which had been filed with the court. The plaintiff insisted that it was entitled to a trial or evidentiary hearing as to the question of its transaction of business within Michigan. However, the trial judge determined to rule on the basis of the record before him, found that the plaintiff was transacting business in the state without a certificate of authority, and granted the defendant's motion. The plaintiff requested that the trial judge make the dismissal without prejudice; however, this request was refused.

On appeal, the Court of Appeals affirmed the propriety of the trial judge's dismissal of the action with prejudice on the record before him. 79 Mich App 463; 262 NW2d 853 (1977).

## II

The claim that a plaintiff is transacting business without a certificate of authority is basically a defense of lack of capacity to sue. See *Behlen Mfg Co v Andries-Butler, Inc,* 52 Mich App 317; 217 NW2d 125 (1974). It is thus a defense which must be raised by a demand for accelerated judgment under GCR 1963, 116.1(3). *Manufacturers Construction Co v Covenant Investment Co,* 43 Mich App 123; 204 NW2d 54 (1972). Under that rule the defense must be raised either in the answer or in a motion filed not later than the answer. In this case the defendant complied with the requirement by asserting the defense in the answer.

Once the defense of lack of capacity to sue is raised, the procedure for deciding the issue is governed by GCR 1963, 116.3:

"Any defense or objection raised under this rule, whether in a responsive pleading or by motion, may be noticed for hearing by either party as if raised by motion. Affidavits or other evidence may be submitted by either party to support or oppose the grounds asserted in the pleading or motion, and in every case where the grounds asserted do not appear on the face of the pleading attacked, the demand shall be supported by affidavits or other evidence filed with the pleading or motion. As to defenses and objections based upon (1), (2), (3), or (4) in sub-rule 116.1, the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment upon the

facts as determined; or the court may postpone the hearing on the matter until the trial on the merits."

In this case, of course, neither party brought the matter on for decision before trial. Given that the defendants had not noticed their demand for accelerated judgment for hearing and that the trial judge included the defense as one of the issues in the pretrial statement, we think the plaintiff had the right to expect that it was an issue to be tried. In affirming the trial judge's decision, the Court of Appeals said:

"Although we readily admit that the record might have been better developed, we would not fault the lower court for refusing to conduct an additional evidentiary hearing. The facts before the trial court—deposition testimony of three Thomas employees—provided ample grist for judicial decision. Having been apprised well in advance of trial that defendants would assert plaintiff's noncompliance with the domestication statute, Thomas should have been prepared to offer at trial whatever contrary evidence it may have possessed." 79 Mich App 465.

However, our review of the record reveals that the defendants requested that the trial judge not make the decision without a full evidentiary hearing or trial. Certainly, the depositions were appropriate "other evidence" within the meaning of Rule 116.3. They are depositions of the plaintiff's employees and thus are admissible. GCR 1963, 302.4(2). Had both parties requested that the judge rule based on the deposition testimony, we would agree with the Court of Appeals that there was sufficient evidence on which to render a decision. However, in this case, when the plaintiff requested the opportunity to present evidence as to the

nature of its contacts with Michigan,[1] it should have been permitted to do so.

## III

Although the plaintiff requested that any dismissal be without prejudice, the trial judge dismissed the plaintiff's action with prejudice. This result places foreign corporations that are in marginal positions with regard to the transaction of business within Michigan in an extremely difficult position. It leads to the forcing of a choice between qualifying to do business—with its attendant costs and liabilities—or bringing suit and hoping to

---

[1] MCL 450.2012; MSA 21.200(1012) provides some guidance as to activities which do not constitute transacting business within the state:

"(1) Without excluding other activities which may not constitute transacting business in this state, a foreign corporation is not considered to be transacting business in this state, for the purposes of this act, because it is carrying on in this state any 1 or more of the following activities:

"(a) Maintaining or defending an action or suit or an administrative or arbitrative proceeding, or effecting the settlement thereof or the settlement of a claim or dispute.

"(b) Holding meetings of its directors or shareholders or carrying on any other activities concerning its internal affairs.

"(c) Maintaining a bank account.

"(d) Maintaining an office or agency for the transfer, exchange and registration of its securities, or appointing and maintaining a trustee or depository with relation to its securities.

"(e) Effecting sales through an independent contractor.

"(f) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts.

"(g) Borrowing money, with or without security.

"(h) Securing or collecting debts or enforcing any right in property securing the same.

"(i) Transacting any business in interstate commerce.

"(j) Conducting an isolated transaction not in the course of a number of repeated transactions of like nature."

The deposition testimony reveals a factual dispute as to whether defendant's activities are entirely within subsections (e), (f), and (i) of this section or whether its conduct in fact constitutes transacting business within the state.

prevail on the issue of the need to obtain a certificate of authority.

We do not believe that the Business Corporation Act was intended to produce such results. Even before its enactment, dismissals for lack of capacity due to the failure of a corporation to comply with various registration and filing requirements have been characterized as without prejudice. See, e.g., *E & G Finance Co, Inc v Simms,* 362 Mich 592; 107 NW2d 911 (1961), *Central Contracting Co, Inc v Goldman,* 48 Mich App 604; 210 NW2d 901 (1973).

A dismissal with prejudice means that if a foreign corporation unsuccessfully contests its obligation to qualify, it may not preserve its cause of action by thereafter obtaining a certificate of authority to transact business, even if its contest of the issue was in good faith. This result undermines the purpose of revisions of the Business Corporation Act[2] and a foreign corporation would, in effect, be required to obtain a certificate whenever this affirmative defense is raised lest adverse determination on the need to do so deprive it of recourse to the courts.

We do not hold that a dismissal for failure to obtain a certificate to transact business may never be with prejudice. We are unable to determine from the trial judge's statement here whether his decision to make the dismissal with prejudice was in the belief that he had discretion or was made in the belief that all such dismissals must be with prejudice. On remand, should the trial judge again find that the plaintiff was required to obtain a

---

[2] The Court of Appeals in this case recognized that the Business Corporation Act to some degree relieved the former harsh consequences of a failure of a foreign corporation to qualify to do business in Michigan. 79 Mich App 472-473.

certificate to do business he should then state reasons for the characterization of the dismissal.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the decision of the Court of Appeals and remand to the Macomb Circuit Court for further proceedings in accordance with this opinion.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.