SALTMARSH v BURNARD

Docket No. 79779. Submitted May 14, 1985, at Detroit. Decided May 6, 1986. Leave to appeal applied for.

Plaintiff, Marsha Saltmarsh, as personal representative of the estate of her deceased husband, Frederick A. Saltmarsh, as next friend of her minor son, Bruce A. Saltmarsh, and individually, filed a legal malpractice suit in Oakland Circuit Court against defendants, George W. Burnard, Gerald R. Gase, Paul R. Gilleran, Donald P. Williams, Douglas J. Schroeder, and Gase, Gilleran, Williams, Schroeder & Burnard, a professional association. An airplane crash resulted in the death of Frederick A. Saltmarsh and injuries to Bruce A. Saltmarsh. The Oakland Probate Court appointed a guardian ad litem on behalf of plaintiff's son and appointed plaintiff as the personal representative of her husband's estate. The defendants eventually obtained a $180,000 settlement on the claims of the estate and plaintiff's son. The probate court entered an order of settlement and an order allowing the final accounting and assigning the residue of the husband's estate, thereby closing the estate and discharging plaintiff as personal representative. Plaintiff then filed the instant legal malpractice suit, designating herself as the personal representative of her husband's estate and as her son's next friend, contending that defendants were negligent in failing to pursue all possible claims in connection with her husband's death and her son's injuries. After the period of limitations on plaintiff's legal malpractice claim allegedly expired, defendants moved for partial accelerated judgment, alleging that plaintiff lacked legal capacity to sue as the personal representative of her husband's estate. Subsequently, the husband's estate was reopened by the probate

REFERENCES

Am Jur 2d, Attorneys §§ 167-200.

Legal malpractice in settling or failing to settle client's case. 87 ALR3d 168.

Attorney's liability, to one other than his immediate client, for consequences of negligence in carrying out legal duties. 45 ALR3d 1181.

Attorney's liability for negligence in preparing or conducting litigation. 45 ALR2d 5.

court, which also reinstated plaintiff as the personal representative. After a hearing, the circuit court, James S. Thorburn, J., ruled that any misrepresentation to the court, negligent or intentional, of plaintiff's capacity to sue precluded the relation back of plaintiff's reinstatement as personal representative to the filing of the instant legal malpractice suit. The circuit court entered an order granting defendants' motion for partial accelerated judgment and dismissing plaintiff's individual claims derived from the claims of her husband's estate for defendants' alleged malpractice in improperly handling the wrongful death action. Plaintiff appealed. *Held:*

1. The circuit court properly granted accelerated judgment in favor of defendants on plaintiff's individual claims derived from those of her husband's estate, without ruling on her claims derived from those of her son.

2. Only defendants Burnard, Gilleran and Schroeder, individually, properly raised the affirmative defense of plaintiff's lack of capacity to sue and preserved it as a ground for the motion for accelerated judgment. The remaining defendants, Williams and Gase, individually, and the professional association of Gase, Gilleran, Williams, Schroeder and Burnard, did not raise the affirmative defense. Accelerated judgment in favor of these defendants was improper and therefore was reversed by the Court of Appeals.

3. Plaintiff's reinstatement as personal representative, after the period of limitations on her legal malpractice claim had expired, relates back to the filing of her legal malpractice suit. Plaintiff held a good faith reasonable belief that she had the authority to file suit as personal representative at the time she filed suit, and defendants are not prejudiced by such relation back.

4. Although an attorney's knowledge is ordinarily imputed to the client, the focus in applying the relation-back doctrine is not on the attorney's knowledge or belief but on a plaintiff's reasonable belief. Therefore, any knowledge held by plaintiff's attorney of plaintiff's discharge as personal representative before the instant suit was filed was not imputed to plaintiff.

Reversed and remanded.

BEASLEY, P.J., dissented. He agreed that an appointment as personal representative after the period of limitations has expired relates back to the filing of a wrongful death suit if, at the time suit was filed, the plaintiff reasonably believed he had authority to bring suit as personal representative. However, he disagreed that plaintiff's reinstatement as personal representative should relate back to her filing of the instant suit, since

she did not assert that she reasonably believed that she was the duly appointed personal representative of her husband's estate and her attorney's knowledge of her true status is imputed to her. He would affirm.

OPINION OF THE COURT

1. ACTIONS — PARTIES — RELATION-BACK DOCTRINE.

The appointment as personal representative of an estate of a plaintiff, who files a suit derived from a claim of the estate after the period of limitations applicable to his claim has expired, relates back to the filing of his suit if, at the time the suit was filed, the plaintiff holds a good faith reasonable belief that he has authority to bring suit as personal representative, provided that the defendant is not prejudiced by the application of the relation-back doctrine.

2. ATTORNEY AND CLIENT — IMPUTED KNOWLEDGE — PARTIES — RELATION-BACK DOCTRINE.

An attorney's knowledge is ordinarily imputed to his client; however, in a case involving a relation back of a plaintiff's appointment as personal representative the focus in applying the relation-back doctrine is not on the attorney's knowledge or belief, but on a plaintiff's reasonable belief; therefore, an attorney's knowledge that his client lacks capacity to sue as personal representative will not be imputed to his client if the client had a good faith reasonable belief that he had the authority to sue as personal representative at the time the suit was filed.

DISSENT BY BEASLEY, P.J.

3. ACTIONS — PARTIES — RELATION-BACK DOCTRINE.

*The appointment of a plaintiff as personal representative of an estate should not relate back to the filing of his suit after the applicable period of limitations has expired where the plaintiff does not assert that he reasonably believed, at the time he filed suit, that he was the duly appointed personal representative.*

*Turner & Turner, P.C.* (by *Gary L. Kohut*), for plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Brian Einhorn* and *Noreen L. Slank*), for defendant.

Before: BEASLEY, P.J., and GRIBBS and R. R. LAMB,* JJ.

PER CURIAM. Plaintiff appeals from an order granting defendants' motion for partial accelerated judgment[1] on the claims of the estate of plaintiff's husband, Frederick Ashley Saltmarsh, Jr., and on plaintiff's individual claims derived from the claims of the estate on the ground of plaintiff's lack of capacity to sue. GCR 1963, 116.1(3), now MCR 2.116(C)(5). We hold that the appointment of an administrator after the period of limitations has expired relates back to the filing of suit if at the time the suit was filed plaintiff holds a good faith reasonable belief that he or she has the authority to bring suit as a duly appointed administrator, provided that the defendant is not prejudiced by the relation back of plaintiff's appointment. We reverse and remand this case for proceedings consistent with the following opinion.

This case arises out of a plane crash on September 2, 1979, which resulted in the death of plaintiff's husband, Frederick Ashley Saltmarsh, Jr., and injuries to her son, Bruce Ashley Saltmarsh. On June 12, 1981, defendant George W. Burnard filed a petition in the Oakland County Probate Court for commencement of proceedings. A guardian ad litem was appointed on behalf of plaintiff's son on January 19, 1981. On January 28, 1981, plaintiff was appointed personal representative of her husband's estate. Eventually the claims of the husband's estate and son were settled for a total of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The order entered by the trial court was one for summary judgment rather than accelerated judgment. However, defendants properly moved for partial accelerated judgment based on plaintiff's lack of capacity to sue. GCR 1963, 116.1(3), now MCR 2.116(C)(5). Thus we treat the trial court's order as an order granting partial accelerated judgment.

$180,000, and an order of settlement was entered by the probate court on February 3, 1981. On June 1, 1981, an order allowing the final accounting and assigning residue of the husband's estate was entered, thus closing the estate and discharging plaintiff as personal representative.

On February 8, 1983, plaintiff, designating herself as personal representative of her husband's estate and also in her individual capacity and as next friend of her minor son, filed a legal malpractice claim against defendants attorneys Burnard, Gase, Gilleran, Williams, and Schroeder, individually, and against Gase, Gilleran, Williams, Schroeder and Burnard as a professional association. The gravamen of the complaint, which was amended on March 2, 1983, was defendants' negligence and failure to pursue all possible claims in connection with her husband's and son's injuries.

Defendants Burnard, Gilleran and Schroeder's answer to the first amended complaint, in their individual capacities, filed on April 18, 1983, raised the affirmative defense of plaintiff's lack of capacity to sue. Paragraph 9 of their affirmative defenses stated: "Plaintiffs lack of capacity to sue in that they are not proper representatives." Defendants Williams and Gase, in their individual capacities, and the professional association of Gase, Gilleran, Williams, Schroeder and Burnard did not raise this affirmative defense in their first responsive pleading filed on May 10, 1983.

Plaintiff's interrogatories to defendants Burnard, Gilleran and Schroeder, which were filed with the court on May 11, 1983, contained the following question: "42. Please state the facts and persons upon which defendants intend to rely upon at the time of trial to show that 'plaintiffs lack of capacity to sue in that they are not proper

representatives.' " Supplemental interrogatories to defendants Burnard, Gase, Gilleran, Williams and Schroeder, and the professional association of Gase, Gilleran, Williams, Schroeder and Burnard, filed with the court on May 23, 1984, included the following question: "19. Please state the name, address and title of every person which defendants expect to have testify in support of their affirmative defense that 'plaintiffs lack the capacity to sue in that they are not proper representatives . . . .' " Defendants contend in their brief that defendant Burnard answered the May 11, 1983, interrogatory question No. 42 on August 2, 1983, stating: "Records of the Oakland County Probate Court and records of the subject pleadings, as well as statutes and Court Rules of the State of Michigan." However, defendants' answers to the May 11, 1983, interrogatories are not in the record. Defendants' answers to the supplemental interrogatories of May 23, 1984, are also not in the record.

On April 2, 1984, after the period of limitations on the legal malpractice claim had allegedly run, defendants moved for partial accelerated judgment, alleging that plaintiff lacked capacity to sue as personal representative of her husband's estate. Subsequently the husband's estate was reopened and on May 23, 1984, plaintiff was reinstated as personal representative. On May 30, 1984, at the hearing on defendants' motion for accelerated judgment, plaintiff's counsel argued that plaintiff had not intentionally misrepresented her capacity to sue as personal representative of her husband's estate, and that the failure to reopen the estate and reinstate plaintiff as personal representative was merely a negligent oversight. Since the period of limitations had run prior to plaintiff's reinstatement as personal representative, plaintiff argued that her reinstatement should relate back to the

filing of the complaint against defendants in order to avoid the statutory bar.

The trial court ruled that any misrepresentation to the court, negligent or intentional, of plaintiff's capacity to sue precluded the application of the relation-back doctrine and granted defendants' motion for partial accelerated judgment on the claims of the husband's estate. An order to that effect was entered on July 27, 1984. The order also dismissed plaintiff's individual claims derived from the claims of her husband's estate and the death of her husband, apparently on the basis that a wrongful death action (the improper handling of which was the basis of plaintiff's malpractice claim) could only be brought by the personal representative of the deceased. See MCL 600.2922(2); MSA 27A.2922(2). The claims of plaintiff's son were preserved.

Plaintiff first argues that the accelerated judgment on her individual claims was in error. She contends that she is entitled to pursue individual claims derivative of those of her son. Plaintiff fails to realize that this is not an issue before this Court. The trial court properly granted judgment for defendants on plaintiff's individual claims derived from those of her husband's estate, MCL 600.2922(2); MSA 27A.2922(2), without ruling on her claims derived from those of her son.

Plaintiff next contends that the trial court erred in granting defendants' untimely motion for accelerated judgment brought fourteen months after the case was filed and ten months after the arguable period of limitations had run. We agree in part. Defendants Burnard, Gilleran and Schroeder,[2] individually, properly raised the defense of lack of capacity to sue in their first responsive pleading and pre-

---

[2] Only defendants Burnard, Gilleran and Schroeder, individually, have filed a brief on appeal.

served this as a ground for their motion for accelerated judgment. See GCR 1963, 116.1, now MCR 2.116(C) and (D); *Thomas Industries, Inc v Wells,* 403 Mich 466; 270 NW2d 98 (1978); *Cramer v Metropolitan Savings Ass'n,* 125 Mich App 664; 337 NW2d 264 (1983). However, defendants Williams and Gase, individually, and the professional association of Gase, Gilleran, Williams, Schroeder and Burnard did not raise the lack of capacity defense in their pleadings[3] and accelerated judgment on that basis against these defendants was improper. To that extent the partial accelerated judgment is reversed.

Plaintiff finally argues that her appointment as personal representative during the pendency of the claims should relate back to the filing of the complaint and thus preserve the claims of her husband's estate. Due to our disposition of the accelerated judgment against defendants Gase, Williams and the professional association, this argument applies only to defendants Burnard, Gilleran and Schroeder who preserved the lack of capacity defense.

This Court has applied the relation-back doc-

---

[3] These defendants' answer filed on May 10, 1983, raised the affirmative defense of the expiration of the period of limitations. A statute of limitations defense is often brought when a plaintiff files suit but has not acquired the appropriate capacity to sue prior to the expiration of the statutory period, and in these types of cases a lack of capacity defense works hand in hand with the statute of limitations defense to defeat the original suit and subsequent refiling once the proper capacity has been acquired by plaintiff.

In the case at bar, we do not view these defendants' raising of the defense of the expiration of the statutory period as synonymous with a lack of capacity defense. In their answer, these defendants did not deny that plaintiff was the duly appointed personal representative of her husband's estate, and their pleadings give no indication that their statute of limitations defense was based on plaintiff's original lack of capacity to sue. We also note that the statutory period on plaintiff's malpractice claim for the handling of her husband's estate may not even have expired by the time of defendants' answer of May 10, 1983. The estate was closed on June 1, 1981.

trine to the valid appointment of an administratrix, made after the filing of suit and prior to the defendant's motion to dismiss for lack of capacity to sue, and related back the appointment to the time of the decedent's death. See *Whiting v Neuman,* 11 Mich App 291; 160 NW2d 795 (1968). The relation-back doctrine has also been used to relate back an appointment to the time of the filing of a claim to administrators who had been appointed during the pendency of a claim filed before the expiration of the period of limitations, but appointed *after the period of limitations had run* on the claim. However, our review of the inconsistent and less than abundant Michigan appellate case law on this issue reveals difficulties in applying this doctrine to the specific facts in the case at bar.

In *Doan v Chesapeake & O R Co,* 18 Mich App 271; 171 NW2d 27 (1969), the plaintiff filed a wrongful death action arising out of the death of her husband in her individual capacity prior to the running of the period of limitations. After the period of limitations had run, the plaintiff was appointed administratrix of the estate of her husband and filed an amended complaint in her capacity as administratrix of the estate. The defendant filed a motion for accelerated judgment on the ground that no action had been commenced against the defendant by the administratrix (i.e., that the plaintiff had originally lacked the capacity to sue) and that any action by the administratrix at the time of the amended complaint was barred by the statute of limitations. The trial court dismissed the case with prejudice. 18 Mich App 273.

This Court reversed, relying on GCR 1963, 118.1 and 118.4, now MCR 2.118(A) and (D), which provide for the liberal amending of pleadings and the relation-back of amendments, and the general rule

advanced by the plaintiff that an amendment changing the capacity in which the plaintiff sues does not create a new cause of action. 18 Mich App 274-279. It found that justice would not be served by denying the plaintiff leave to amend and dismissing the action. 18 Mich App 280. The Court approved of the trend in other jurisdictions of allowing a plaintiff suing in the wrong capacity to take advantage of a former action if the original plaintiff, in any capacity, either before or after the commencement of suit, had an interest in the subject matter of the controversy. 18 Mich App 279. Finding that the plaintiff in the case before it had an interest in the action because a portion of any damages recovered would be payable to her under the provisions of the death act as the widow of the deceased, 18 Mich App 280, the Court allowed the amendment of the plaintiff's complaint reflecting her capacity to sue as administratrix to relate back to her original filing of the complaint prior to the running of the statutory period.

*Doan* is similar to the case at bar in that in the instant case plaintiff also sued in her individual capacity, was appointed personal representative after the running of the period of limitations, and also has an interest in the instant action much as did the plaintiff in *Doan.* However, *Doan* is distinguishable in that the plaintiff in *Doan* originally sued only in her individual capacity, and sought to amend the complaint pursuant to GCR 1963, 118.1, now MCR 2.118(A), to reflect her newly-acquired capacity after the period of limitations had run.

In *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597; 199 NW2d 252 (1972), the plaintiff, who had been appointed special administratrix of her husband's estate, failed to procure the proper court order authorizing her to institute a wrongful death action prior to her filing of the action.

Subsequent to the defendant's motion for acceler-
ated judgment based on the plaintiff's lack of
capacity to sue, the plaintiff obtained a nunc pro
tunc order from the probate court authorizing her
to sue and appointing her as general administra-
trix. Despite the nunc pro tunc order, the trial
court granted the defendant's motion for acceler-
ated judgment. 40 Mich App 599-603.

In reversing the trial court's grant of acceler-
ated judgment for the defendant, this Court ap-
plied the relation-back doctrine, finding that the
defendant's motion for accelerated judgment was
purely technical and that the defendant had not
been prejudiced by the course of events. 40 Mich
App 606. The Court considered the reasoning be-
hind the application of the relation-back doctrine
as a defense to the bar of the statute of limitations
—the desire of the courts to avoid barring valid
claims on legal technicalities, providing an admin-
istrator acted in good faith and had some reason-
able grounds for believing he had been duly ap-
pointed—and found that the case before it pre-
sented a strong case for the application of the
relation-back doctrine. 40 Mich App 605-606, n 7.
The Court specifically held that when a validly
appointed special administratrix institutes a
wrongful death action under the mistaken belief
that she has been specifically authorized so to act,
but thereafter discovers and procures the proper
authorization by a probate court order after the
expiration of the applicable period of limitations,
the probate court order will relate back to the
wrongful death action and the action will be
deemed properly commenced within the time lim-
ited by statute. 40 Mich App 606-607.

As in *Castle,* defendants in the case at bar
invoked the bar of the expiration of the period of
limitations on an underlying technical ground to

avoid plaintiff's claims. The underlying reason for
the summary disposition of plaintiff's claims was
her late appointment as personal representative,
not her failure to file the claim within the statu-
tory period. Moreover, as in *Castle,* defendants
have not been prejudiced by plaintiff's original
incapacity to sue. However *Castle* presents a
stronger case for application of the relation-back
doctrine because in *Castle* the plaintiff was ap-
pointed special administratrix prior to suit, both
the plaintiff and the court which appointed her
special administratrix believed that the reason for
the appointment of the plaintiff as special adminis-
tratrix was for the purpose of instituting suit, and
her authorization to sue was entered nunc pro
tunc.

Finally, a majority of a panel of this Court in
*Fisher v Volkswagenwerk Aktiengesellschaft,* 115
Mich App 781; 321 NW2d 814 (1982), lv den 418
Mich 874 (1983), a case somewhat similar to the
one at bar, pulled back from the trend of liberal
application of the relation-back doctrine. In *Fisher,*
the plaintiffs brought a wrongful death action as
co-administrators of the estates of their parents
prior to te running of the period of limitations on
the suit, but after the estates of their parents were
closed. After the defendants moved for accelerated
judgments alleging that the plaintiffs were not
proper parties and lacked capacity to sue, the
plaintiffs returned to probate court to reopen the
estates after the period of limitations had run. The
plaintiffs were reappointed as co-administrators
and moved to amend their complaint to assert
their reappointment as personal representatives of
the deceased. 115 Mich App 783. The trial court
found that the plaintiffs did not act in bad faith,
that the reopening of the estates was purely minis-
terial, and that the only defect in the plaintiff's

action was that they had ceased being co-administrators of the estates by the closing of the estates. 115 Mich App 787 (Judge Cynar dissenting). Relying on *Castle, supra,* the trial court applied the relation-back doctrine and denied the defendant's motion for accelerated judgment.

On appeal, a majority of this Court reversed, finding that the reopening of the estate was not merely a formality, technicality or ministerial function of the probate court, and that the plaintiffs knew that their tenure as co-administrators ended when the estates were closed. 115 Mich App 786. Distinguishing *Doan, supra,* where the plaintiff initially sued only in her own capacity and did not "misrepresent" her status to the trial court, the Court held that where a plaintiff misrepresents his capacity to sue under the wrongful death act at the time when the suit is filed, the subsequent reopening of the decedent's estate after the period of limitations has expired does not relate back to the filing of the lawsuit and the suit is barred. 115 Mich App 786. Judge Cynar dissented, agreeing with the trial court that there was neither bad faith on the part of the plaintiffs nor any prejudice to the defendant in bringing the suit, and that *Castle, supra,* provided ample authority for the application of the relation-back doctrine.[4] 115 Mich App 787.

*Fisher* is similar to the case at bar in that in *Fisher,* as in the instant case, the plaintiffs "misrepresented" their capacity by bringing suit as administrators, when in fact, the estates had been

---

[4] After the writing of this opinion, this Court decided another relation-back doctrine case. In *Warren v Howlett,* 148 Mich App 417; 383 NW2d 636 (1986), this Court, despite finding that the case before it was closer to *Fisher, supra,* than *Castle, supra,* considered plaintiff's lack of good faith and reasonable belief of appointment as personal representative (the criteria in *Castle*), in reaching its decision to affirm the trial court's grant of accelerated judgment.

closed and the plaintiffs discharged as administra-
tors. However, in *Fisher* the Court concluded that
the plaintiffs *knew* that their tenure as adminis-
trators had expired, but did not reveal whether it
imputed this knowledge to them from the closing
of the estates or whether there was some other
basis for their knowledge. In the case at bar, it is
unclear whether plaintiff was aware of her dis-
charge as personal representative of her husband's
estate.

The United States Court of Appeals for the
Sixth Circuit has recently been faced with harmo-
nizing Michigan appellate case law on the relation-
back doctrine. In *Wieczorak v Volkswagenwerk
A G,* 731 F2d 309 (CA 6, 1984), a case also factu-
ally similar to the one at bar, the plaintiff filed a
wrongful death action in his own name and as
administrator of his son's estate. His son's estate
had been closed prior to the filing of suit and the
decedent's mother discharged as administratrix.
After the period of limitations had run, the estate
was reopened and the plaintiff was appointed ad-
ministrator of the estate. The defendants moved
for summary judgment in the district court on the
ground that the period of limitations had expired
before the plaintiff was appointed administrator.
731 F2d 310. Affidavits submitted by the plaintiff's
attorneys revealed that a misunderstanding con-
cerning the plaintiff's appointment as administra-
tor arose when the plaintiff changed counsel—the
original counsel thought substitute counsel would
arrange the appointment, while substitute counsel
thought the original counsel had already done so.
731 F2d 312.

The United States District Court initially denied
the defendant's motion, finding that under *Castle,
supra,* the plaintiff's appointment as administrator
related back to the commencement of the action

for purposes of the statute of limitations as long as the plaintiff acted in good faith. However, after this Court's decision in *Fisher, supra,* the defendants renewed their motion for summary judgment, which was granted. 731 F2d 310.

The United States Court of Appeals reversed, finding that the plaintiff's appointment as administrator after the period of limitations expired related back to the original filing of the complaint within the statutory period, thus curing the plaintiff's lack of capacity to sue. 731 F2d 309-310. Relying on *Doan, supra,* the court found that, although the plaintiff had never been personal representative at any time during the three-year statutory period, the plaintiff's status during the statutory period was not fatal to the application of the relation-back doctrine, since in *Doan* the plaintiff was not in fact a personal representative at any time during the statutory period, yet relation back was allowed. 731 F2d 312. The court examined our decision in *Castle, supra,* where this Court relied on the plaintiff's good faith and reasonable mistaken belief in her authority to institute suit, and our decision in *Fisher, supra,* where the trial court found no bad faith but this Court found that the "misrepresentation" of the plaintiff's status prevented application of the relation-back doctrine. Attempting to harmonize *Castle* and *Fisher,* the court in *Wieczorek* found that *Fisher's* "misrepresentation" excluded statements made in good faith and with the reasonable belief that they are true (such as those made in *Castle*), but, since in *Fisher* the plaintiff acted in good faith, that something less than bad faith must prevent relation back. 731 F2d 312. The court concluded that, under Michigan law, an appointment as administrator after the period of limitations has expired relates back to the filing of suit if at the time suit was

filed the plaintiff reasonably believed he had authority to bring suit as a duly appointed administrator. *Wieczorek, supra.* Based on the affidavits submitted by the attorneys in the case before it, the court found that the plaintiff had established his reasonable belief that he was the validly appointed administrator of his son's estate and reversed the order granting summary judgment for defendants. *Wieczorek, supra.*

We agree with and adopt the approach of the United States Court of Appeals, and hold that an appointment as administrator after the period of limitations has expired relates back to the filing of suit if, at the time the suit was filed, the plaintiff holds a good faith reasonable belief that he has authority to bring suit as administrator, provided that the defendant is not prejudiced by the application of the relation-back doctrine in such situations. See *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973), for a discussion of prejudice. Application of the relation-back doctrine will thus necessarily be on a case-by-case basis. We believe that justice is best served by precluding the avoidance of a valid claim, such as the one at bar, by a legal technicality which does not prejudice the defendant, provided that the plaintiff has acted in good faith and had reasonable grounds for believing that plaintiff had been duly appointed personal representative of the estate. *Castle, supra; Doan, supra.*

In the instant case, defendants contend that, since the estate was closed and plaintiff was discharged by order of the probate court, plaintiff's attorney and thereby plaintiff were charged with the knowledge that plaintiff no longer had capacity to sue as personal representative of her husband's estate. Although an attorney's knowledge, such as that of a closing of an estate, is ordinarily

imputed to the client, see *Katz v Kowalsky,* 296
Mich 164; 295 NW 600; 1134 ALR 179 (1941), the
focus in applying the relation-back doctrine is not
on the attorney's knowledge or belief, but on the
plaintiff's reasonable belief. For example, in *Wiec-
zorek, supra,* the estate was closed, but the attor-
neys were acting under a misunderstanding con-
cerning the plaintiff's appointment as administra-
tor. The reasonableness of the attorneys' misun-
derstanding was not considered, and neither their
knowledge of the closing of the estate nor any
negligence on their part was imputed to the plain-
tiff. Rather, the court focused on the plaintiff's
reasonable belief based on the attorneys' misun-
derstandings.

In the case at bar, plaintiff's attorney stated on
the record at the hearing on defendants' motion
for accelerated judgment that he had no reason or
motive not to open the estate, and admitted that
the failure to reopen the estate was a matter of
negligent oversight on his part. The trial court
found that intentional or negligent misrepresenta-
tion of plaintiff's capacity to sue, even apparently
on the part of the attorney, would preclude the
application of the relation-back doctrine. As dis-
cussed above, we disagree with this approach. Just
as the attorneys' oversights in *Wieczorek, supra,*
were not imputed to the plaintiff, we do not im-
pute plaintiff's attorneys' apparent negligence (in
failing to reopen the estate and seek reappoint-
ment of plaintiff as personal representative) to
plaintiff in the case at bar. It may well be that
plaintiff had reasonable grounds, such as the es-
tate attorney's failure to inform her that the
estate was closed and she was thereby discharged
as personal representative, or her current attor-
ney's assurances of her status as personal repre-
sentative, leading her to believe that she was a

duly appointed personal representative having authority to bring the legal malpractice suit.

Thus we also reverse the trial court's granting of partial accelerated judgment as to individual plaintiffs Burnard, Gilleran and Schroeder (who did preserve the defense of lack of capacity to sue), and remand to the trial court to allow the parties an opportunity to meet the test set out in this opinion for the application of the relation-back doctrine,[5] and to permit the trial court to reconsider defendants' motion in light of this opinion.

Reversed and remanded for proceedings consistent with this opinion.

BEASLEY, P.J. *(dissenting).* I respectfully dissent.

In *Wieczorek v Volkswagenwerk A G,* 731 F2d 309 (1984), the United States Court of Appeals for the Sixth Circuit addressed the question of relation back of an appointment as administrator in a wrongful death action in Michigan. Noting that the Michigan Supreme Court had not yet addressed the question, the Federal Sixth Circuit Court of Appeals attempted to harmonize our Court of Appeals decisions dealing with that issue. That court concluded that, under Michigan law, an appointment as administrator after the statute of

---

[5] Plaintiff's affidavit, submitted on appeal explaining her belief that she was personal representative of her husband's estate to meet the good faith belief requirement for relation back, cannot be used to enlarge the appellate record. *Moore v St Clair County,* 120 Mich 335, 338; 328 NW2d 47 (1982). Plaintiff did not submit affidavits to the trial court regarding any actions of her attorney which would provide grounds for plaintiff to form a reasonable belief that she had authority to bring suit as personal representative of her husband's estate. We do recognize and point out to the trial court that the attorney or attorneys who handled plaintiff's husband's estate are those being sued for legal malpractice in their handling of the estate, and that their interest in helping plaintiff establish that their actions contributed to plaintiff's reasonable but false belief that she was personal representative of her husband's estate directly conflicts with their interest in disposing of plaintiff's claims against them based on her lack of capacity to sue as personal representative.

limitations has expired relates back to the filing of
a wrongful death suit if, at the time the suit was
filed, the plaintiff reasonably believed he had au-
thority to bring suit as administrator. I conclude,
as do the majority, that *Wieczorek* correctly states
Michigan law, and that the relation back doctrine
is applied on a case-by-case basis.

However, I disagree with the result reached by
the majority when those principles are applied to
the case at bar. An attorney's knowledge is im-
puted to the client. *Katz v Kowalsky,* 296 Mich
164; 295 NW2d 600 (1941).

In the within case, an alleged legal malpractice
action, plaintiff's second attorney stated on the
record at the hearing on defendants' motion for
accelerated judgment that his failure to reopen the
estate was a negligent oversight on his part.[1]

Plaintiff never asserted in her reply to defen-
dant Burnard's motion for accelerated judgment or
at the time the motion was argued that she be-
lieved that she was the personal representative of
decedent's estate. In June, 1981, plaintiff signed
and submitted her final accounting to the probate
court. An order allowing the final accounting,
assigning the residue of the estate and discharging
plaintiff as personal representative was entered on
or about June 1, 1981. Plaintiff's attorney filed this
lawsuit on or about February 8, 1983, and filed an
amended complaint on March 2, 1983, before the
limitations period had run.[2]

---

[1] The accelerated judgment motion was argued by the attorney
whom plaintiff chose to represent her in the legal malpractice action.
It was he, and not the attorney who was being sued for legal
malpractice, that omitted to have plaintiff reappointed as personal
representative of the estate.

[2] In his answer filed on or about April 18, 1983, defendant Burnard
raised the defense of lack of capacity to sue. MCL 600.5805; MSA
27A.5805 sets out a two-year statute of limitations in legal malprac-
tice actions.

Plaintiff was not reappointed as personal representative of her husband's estate until May 23, 1984, and the order of reappointment was not entered nunc pro tunc. Since plaintiff has never asserted that she reasonably believed that she was the duly appointed personal representative of her husband's estate, a remand is unnecessary. Plaintiff has failed to meet the test set out in *Wieczorek, supra.*

I would affirm.